IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL FLORENCE SANCHEZ,

               Petitioner,               No. CIV S-06-2898 GEB GGH P

    vs.

JAMES YATES, et al.,

               Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

I.  Introduction

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant 28 U.S.C. § 2254.  Petitioner challenges his 2002 conviction for several counts of child molestation.  He is serving a sentence of 270 years to life.  This action is proceeding on the amended petition filed May 23, 2008.

Pending before the court is respondent's June 17, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations.  On August 28, 2008, a hearing was held regarding this motion.  Paul O'Connor appeared on behalf of respondent.  Fay Arfa appeared on behalf of petitioner.

After carefully considering the record, the court recommends that respondent's motion be granted.

II.  Discussion

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On January 26, 2005, the California Supreme court denied petitioner's petition for review.  Respondent's Lodged Document 6.  Therefore, petitioner's conviction became final when the time for filing a petition for writ of certiorari expired 90 days later on April 26, 2005.  Bowen v. Roe, 188 F.3d at 1157.  Petitioner had one year from that date to file a timely federal petition, i.e. until April 26, 2006.  The instant action, filed December 26, 2006, is not timely unless petitioner is entitled to statutory or equitable tolling.

28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

On November 10, 2005, petitioner filed a habeas corpus petition in the Sacramento County Superior Court.  Respondent's Lodged Document no. 7.  On February 1,

2

2006, the Superior Court denied the petition in a reasoned decision.  Id., no. 8.  On March 29, 2006, petitioner filed a habeas corpus petition in the California Court of Appeal.  Id., no. 9.  On April 6, 2006, the California Court of Appeal denied this petition without comment or citation.  Id., no. 10.  On May 16, 2006, petition filed a habeas corpus petition in the California Supreme Court.  Id., no. 11.  On December 13, 2006, the California Supreme Court denied this petition by order citing the following cases: In re Clark, 5 Cal.4th 750 (1993); In re Robbins, 18 Cal.4th 770, 780 (1998); In re Swain, 34 Cal.2d 300, 304 (1949); and People v. Duvall, 9 Cal.4th 464, 474 (1995).

An untimely state habeas petition is not a "properly filed" petition for purposes of statutory tolling under § 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 412-13, 125 S.Ct. 1807 (2005).  In the instant case, the citation to Robbins by the California Supreme Court in the order denying petitioner's habeas petition indicates that the petition was denied, at least in part, as untimely.  Accordingly, petitioner is not entitled to statutory tolling following the denial of his petition by the California Court of Appeal.

Respondent also seeks to have the court find additional periods of time for which petitioner is not entitled to equitable tolling.  Where a state court denies a habeas petition without a "clear indication" that the petition was timely or untimely, a federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness. " Evans v. Chavis, 546 U.S. 189, 198, 126 S.Ct. 846 (2006).  In Evans v. Chavis, the Supreme Court rejected "gap tolling," even where the petition was ultimately denied on the merits rather than as untimely, when the California petitioner took 4 ½ months, in excess of the typical maximum "30 to 60" days allowed in most states, to file his next state habeas petition.  Id.

To the extent that respondent believes that Evans v. Chavis applies to the *initial* state filing, the undersigned disagrees.  That case deals only with "gap tolling" and did not indirectly create a 60 day period from the finality of the state direct review process in which to initiate state habeas proceedings at the risk of losing all possibility of statutory tolling.  *Whenever*

1   a petitioner properly files a state collateral review pleading within the federal statute of

2   limitations period, federal statutory tolling commences at that time.  It is only when *subsequent*

3   petitions are tardily filed does Evans v. Chavis come into play.

4          Pursuant to Evans v. Chavis, respondent also argues that even though the Superior

5   Court and California Court of Appeal did not expressly deny the petitions as untimely, they were

6   untimely under state law.  The Superior Court issued a reasoned decision which did not mention

7   timeliness.  Respondent's Lodged Document no. 8.  Because it issued a reasoned decision, this

8   court presumes that the Superior Court would have expressly stated that the petition was

9   untimely had it found so.  Accordingly, the court does not find that the Superior Court petition

10  was untimely.

11         Petitioner filed his habeas petition in the California Court of Appeal 56 days after

12  the Superior Court denied his petition.  Accordingly, the court finds that the petition filed in the

13  California Court of Appeal was timely for federal tolling purposes.

14         For the reasons discussed above, petitioner is entitled to statutory tolling for the

15  time his petitions were pending in the Superior Court and California Court of Appeal, i.e. from

16  November 10, 2005, to April 6, 2006, i.e. 147 days.  Adding 147 days to April 26, 2006, would

17  make petitioner's federal petition due September 20, 2006.  However, because the California

18  Supreme Court denied *its* petition on the basis of untimeliness, Pace requires that it, and the time

19  preceding its filing after the Court of Appeal issued its merits decision, not count at all in the

20  calculation of federal statutory tolling.[1]  The instant action filed December 26, 2006, is not

21  timely.

22

23         [1]  The undersigned will not, however, use the California Supreme Court decision as a
    means by which to change the ruling on the merits given by the Superior Court into one based on
24  procedural untimeliness.  For unsuccessful petitioners, unlike the rule for unsuccessful
    respondents, each state habeas petition is an independent filing, i.e., a higher court is not directly
25  ruling on the merits of a petitioner's "appeal."  This is so even if one can discern that the
    California Supreme Court probably issued its untimeliness decision on account of dilatoriness in
26  filing in the lower courts.  The lower courts rulings on the merits have not been overturned or
    vacated.

4

1    The court now considers whether petitioner is entitled to equitable tolling.  The

2  one year statute of limitations for filing a habeas petition may be equitably tolled if

3  "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on

4  time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The prisoner must show that the

5  "extraordinary circumstances" were the cause of his untimeliness.  Stillman v. LaMarque, 319

6  F.3d 1199, 1203 (9th Cir. 2003).  "Indeed, the threshold necessary to trigger equitable tolling

7  [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d

8  1063, 1066 (9th Cir. 2002).  Petitioner "bears the burden of showing that this extraordinary

9  exclusion should apply to him." Id.  Determining whether equitable tolling applies is a "fact-

10 specific" inquiry.  Fry v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

11    In his opposition, petitioner argues that he is entitled to equitable tolling because

12 the law was unsettled regarding whether he qualified for stay and abeyance of his mixed petition.

13 Petitioner argues that the claims raised in his state habeas petitions, ineffective assistance of trial

14 and appellate counsel, had to be raised in state habeas petitions.  Petitioner argues that had he

15 filed his federal petition before exhausting these claims, the district court would have had to

16 dismiss the entire petition.

17    As discussed above, the statute of limitations began running on April 26, 2005.

18 On March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269,

19 277, 125 S.Ct. 1528 (2005) which granted district courts discretion to hold in abeyance a mixed

20 petition in order to permit a petitioner to return to state court and exhaust unexhausted claims.

21 Had petitioner filed his mixed petition, this court would have held this action in abeyance,

22 assuming petitioner met the requirements for the procedure.  ("[A] stay and abeyance 'should be

23 available only in limited circumstances,' and is appropriate only when the district court

24 determines that there was 'good cause' for the failure to exhaust." Jackson v. Roe, 425 F.23d

25 654, 661 (9th Cir. 2005) (quoting Rhines, 544 U.S. at 277)); see also Pace v. DiGuglielmo, 514

26 U.S. 408, 416, 125 S.Ct. 1807 (April 27, 2005) (prisoners may file a "protective petition" in

1   federal court asking the court to stay and abey the federal proceedings until state remedies are

2   exhausted.)  The undersigned will not recommend tolling on a "what if I had filed" basis.  Prior

3   to Rhines, there was a basis for "stay and abey;" it was simply different in form.  See Brambles v.

4   Duncan, 412 F.3d 1066, 1070 (n.2) (9th Cir. 2005) (explaining the well established procedure

5   allowing a unexhausted petition to be replaced with an exhausted claims only petition, and then

6   the exhausted petition could be stayed).  The change permitted by Rhines was simply a

7   permission to stay an unexhausted petition in the first place.

8               Petitioner also argues for equitable tolling on grounds that he could not have

9   known that the California Supreme Court would deny his petition as untimely.  Petitioner filed

10  his habeas petition in the California Supreme Court approximately 5 weeks after the California

11  Court of Appeal denied his state habeas petition.  Therefore, the citation to Robbins by the

12  California Supreme Court in its order, signifying untimeliness, must have referred to the

13  approximate ten month delay between the time the California Supreme Court denied the petition

14  for review and when petitioner filed his first application for post-conviction relief in the Superior

15  Court.

16              There is no rule that a higher court is limited in its timeliness analysis to only the

17  time after a decision is rendered in a lower court and preceding filing in its court.  Petitioner runs

18  a risk that a higher court will not look favorably on delays anywhere in the state habeas filing

19  process, and engaging in risky delay is not to be rewarded with equitable tolling.

20              Further, as noted by respondent in the reply, this court has previously rejected an

21  argument that the state court "got it wrong" in finding a petition untimely:

22          The Superior Court's alleged misapplication of state law in finding petitioner's
            state habeas petition untimely does not constitute an extraordinary circumstance
23          which prevented petitioner from filing a timely petition.  As discussed above, in
            Pace the Supreme Court made clear that for purposes of statutory tolling, the
24          denial of a habeas petition by a state court as untimely was the end of the matter.
            In other words, in evaluating statutory tolling, the Supreme Court made clear that
25          federal courts were not to analyze the state court's application of their timeliness
            rules.  It makes no sense to apply this rule to statutory tolling but not equitable
26          tolling.  If federal courts could review state court timeliness rules in the context of

1                     equitable but not statutory tolling, the Supreme Court's finding that a state court's denial of a habeas petition as untimely was the "end of the matter" would have no
2                     meaning.

3  Harrison v. Campbell, CIV S-05-1546, 2006 WL 2169109 at * 6 (August 1, 2006).

4                     For these reasons, petitioner is not entitled to equitable tolling on grounds that he

5  could not have predicted that the California Supreme Court would find his petition untimely.

6  Had this court been in the position of the California Supreme Court, it may not have found

7  petitioner's petition untimely because the record demonstrates that petitioner fairly diligently

8  pursued his state post-collateral petitions.  Nevertheless, this court is bound by the law which

9  does not permit equitable tolling based on an alleged erroneous finding of untimeliness by a state

10  court.

11                     For the reasons discussed above, the court finds that petitioner's petition is barred

12  by the statute of limitations.  Respondent also argues that some of the claims are not exhausted.

13  The court need not reach this argument because it is clear that the claims are barred by the statute

14  of limitations.

15                     Accordingly, IT IS HEREBY RECOMMENDED that respondent's June 17, 2008,

16  motion to dismiss (# 32) be granted.

17                     These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19  days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22  shall be served and filed within ten days after service of the objections.  The parties are advised

23  \\\\\

24  \\\\\

25  \\\\\

26  \\\\\

1    that failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: 10/02/08

4                                                    /s/ Gregory G. Hollows

5                                                    _____
                                                     UNITED STATES MAGISTRATE JUDGE

6    sanchez.mtd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26